

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH Y. ARNOLD,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT L. ARNOLD, MARY MITCHELL, MELINDA R. MEEKEN, JOHN E. PHILLIPS,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:17-cv-2089-BEN-JMA<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL; and**<br><br>**(3) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff Leah Y. Arnold, proceeding pro se, has filed a complaint with this Court. She has not paid the civil filing fee required to commence this action, but rather has submitted an application to proceed in forma pauperis ("IFP").

I.  **Motion to Proceed IFP**

Pursuant to 28 U.S.C. § 1915(a), the court may authorize the commencement, of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all of his or her assets, showing that he or she is unable to pay filing fees or costs. "An

affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the trial court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Here, Plaintiff states that she is unemployed and has no sources of income. In the past twelve months, she received $500 from her mother for expenses and rent. Plaintiff's submission sufficiently shows that she lacks the financial resources to pay the filing fee. Accordingly, her motion to proceed IFP is **GRANTED.**

## II. Request for Appointment of Counsel

Plaintiff's IFP application includes a request for appointment of counsel. Courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1) (1996), to appoint counsel for indigent civil litigants upon a showing of exceptional circumstances. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citations omitted).

At this time, the Court cannot say there is any likelihood of success on the merits. Moreover, Plaintiff fails to demonstrate an inability to represent herself beyond the ordinary burdens encountered by plaintiffs representing themselves pro se. Therefore, the Court finds that the exceptional circumstances required for the appointment of counsel are not present. Plaintiff's request is **DENIED.**

## III. Sua Sponte Screening

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review by the Court. The Court must dismiss the complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from

suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 2013 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Plaintiff sues under 42 U.S.C. § 1983 for violation of her constitutional rights related to "familial association; due process; liberty interest; cruel and unusual punishment; privacy; religion; illegal search & seizure; false arrest (false imprisonment); malicious prosecution; [and] unreasonable/excessive force." (Compl. at 3). Her complaint is based on events that occurred in 2011, 2012, and 2013 concerning allegations of child sexual abuse. Plaintiff's children have been removed from her custody and placed with their father, Defendant Robert L. Arnold. Plaintiff alleges that the "current custody agreement is based entirely on fraud," that the "children should never have been removed," and that Robert Arnold has sexually abused her children. She seeks "immediate removal of the children from the sex offender R. Arnold," a "trial by jury on child sexual abuse charges against Robert L. Arnold and child abuse charges against the other Defendants," and $1 million in damages for each victim for each year of separation.

42 U.S.C. § 1983 authorizes claims but does not provide a limitations period. In the absence of a federal limitations period, federal district courts apply the forum state's statute of limitations for analogous claims. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). Claims arising under § 1983 are considered personal injury actions for statute of limitations purposes. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). Thus, Plaintiff's § 1983 claims are governed by California's two-year limitations period for personal injury actions. Cal. Civ. P. Code § 335.1; *Butler*, 766 F.3d at 1198.

In this case, Plaintiff alleges that the last event that gave rise to her claims occurred in September 2013. The two-year limitations period expired in September 2015. In other words, her current claims are untimely and Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Plaintiff's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. Conclusion

For the above reasons, Plaintiff's motion to proceed IFP is **GRANTED**, her request for appointment of counsel is **DENIED**, and her complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

Dated: October 19, 2017

Hon. Roger T. Benitez
United States District Judge